Carr, J.
The first question is, whether, in this action upon an injunction bond, it appearing that the injunction was only dissolved in part, the action can be maintained on the bond ? I think it may. The words of the statute are, that “ a bond shall be given for paying all money or tobacco and costs d ue or to become due, to the plaintiff in the action a,t law, and also all such costs and damages as shall be awarded against him, in case the injunction shall be dissolved.” 1 do not think the words of the bond, in this case, differ ma *76 terially from the condition required by the statute. I have looked back, and find that the statute now in force, is exactly the same with that passed in 1744, 5 Hen. stat. • at large, p. 241. except that the words “ and damages” have been added, since the passing of the statute giving damages on the dissolution of injunctions. Under a law of such long standing, it must very often have happened, that partial dissolutions have taken place, and resort been had to the injunction bond ; yet the objection now taken to the action, is, so far as I can find, one never raised before. Being now raised, however, it must be considered. Why is an injunction bond required at all ? It is, I presume, because the plaintiff having in his favour the strong evidence of the judgment, it is thought just, that before the defendant shall arrest him in his progress, he shall make perfectly secure to him, not only the judgment, or so much of it as he shall injoin, but all costs and damages which may arise from the proceeding in equity. If this be the object of the bond, what is the difference in principle, between a partial and a total dissolution ? I can see none. It is a difference in amount only. In the case before us, a total dissolution would have left £ 306. 13. 9. with interest, damages and costs, as the'sum secured by the injunction bond, while the partial dissolution left that sum, minus £36. to be thus secured. But it was said, that when the law enacts, that the debt, damages and costs, shall be paid “in case the injunction.be dissolved,” the words tie us up to a total dissolution, because the injunction cannot be said to be dissolved while a part of it remains. This construction would lead to consequences absurd and unjust, such as we ought not lightly to impute to the legislature : for supposing the debt injoined to be £ 1000. if the injunction be dissolved for £ 999. according to this construction, there can be no recovery upon the bond. But I think there is proof in the 61st section of this same statute, *77 that the legislature did not by dissolution, mean nothing less than a total dissolution. This section enacts substautially, that where an injunction to a judgment shall be dissolved wholly or in part, damages &c. from the time the injunction was awarded, until the dissolution, shall be paid to the party on whose behalf such judgment was obtained, on such sum as appears to be due, including costs ; and where such injunction shall be depending in the district court of chancery, the clerk shall, on dissolution thereof, certify &c. Here we find a dissolution in part expressly called a dissolution. We see too, that on a partial dissolution, the party injoining shall pay damages on such sum as appears due, including costs, unless the court before whom the case was heard, shall direct otherwise. Can we imagine, that the same law which inflicts this penalty on the party as to whatever sum he unjustly injoins, could possibly mean to sa.y, that though he had unjustly injoined .£999. out of .£ 1000. the bond given to secure the whole should not be forfeited ? should furnish no security whatever for the sum really due ? I do not think there is any thing in this objection.
The next objection was to the replication to the second plea; that it was naught in concluding to the country instead of the court. The first answer is, that the plea and replication equally refer to a fact of record, the former averring that the cause was still depending, the other that it was decided ; if, therefore, it was necessary for the replication to conclude to the court, it was equally so for the plea. But, 2ndly, I do not think it was necessary for either so to conclude. The averment on either side was of a matter of fact, namely, whether the cause was depending or decided. The conclusion to the country, was, I think, right. And to prove either pendency or decision of the cause, a mere extract from the record would have been sufficient. To say, that nothing less than the whole of a *78 voluminous record must be exhibited, to prove the sim_ 1 Ple nient, as it seems to me unnecessary and unreasonable. But a 3rd and conclusive answer to this objection is, tkat •£ conclusjon of the replication was wrong, the defendant ought to have demurred instead of taking issue; and he cannot after verdict avail himself of such an objection. fact of pendency or decision, would be as inconve-
As to the third objection, that the jury was sworn to try the issue, when there were two issues; it was expressly decided in Mackey v. Fuqua, that this is not error.
The last point was that made on the exception to the opinion of the court, permitting the extracts from the decrees and orders in the injunction cause, to go in evidence to the jury, instead of requiring the whole record. I think the objection unfounded. The court was right in admitting the evidence. I cannot think that, in order to prove the simple facts for which these extracts were adduced, and which they clearly prove, it was necessary to produce the whole record, however long. The judgment should be affirmed.
Cabell, J. concurred.
Brooke, J.
I have no doubt, that the partial dissolution of the injunction, was a forfeiture of the injunction bond; otherwise, a dissolution as to all but the most trivial part of the debt, would absolve the suretiés in the injunction bond, and leave the defendant in equity wholly without security as to the principal part of the debt, which the court of chancery as well as the court of law has adjudged to be justly due to him. It was said, that the condition of the bond in this case, is not pursuant to the statute which requires the bond. The answer is, that the statute does not prescribe the form of the bond; and if the bond did not pursue the *79 statute in terms, the obligors cannot complain. I see no fault in the pleadings, on which the plaintiff in error can found an available objection: for though they are informal, they substantially put the question in issue, whether the bill of review was still pending in the court of appeals, on the appeal from the order of the chancellor refusing to allow the review, after the decree dissolving the injunction, from which decree also an appeal had been taken. I am also of opinion, that the evidence offered by the plaintiffs below, to repel the averment in the second plea, that the case was still pending in the court of appeals, was proper evidence as far as it went. The matter was collateral to the claim of the plaintiffs on the injunction bond: therefore, it was not necessary, that it should have been pleaded with a verification by the record; and the extracts from the proceedings were sufficient. As to the suggestion, that, for aught that appears, the appeal from the chancellor’s decree dissolving the injunction may be still pending, it is enough to say, that that was not pleaded. And if it had been pleaded, it might have been insisted, that the bill of review, and the appeal from the order refusing to allow it, superseded the appeal from the decree of dissolution : but on this point, as it is not necessary, I give no opinion. I think the judgment should be affirmed.
Tucker, P.
I am of opinion, that according to the true construction of the statute, an injunction bond taken in pursuance of it, is forfeited by a partial dissolution of the injunction; for the bond is to be taken with condition to pay, not the amount of the judgment at law, but all money and costs due or to become due to the plaintiff; that is, such amount as after the investigation of the case in equity appears to be due to him. The object of the statute was to afford to the creditor security for his demand, when delayed by injunction ; and that object was the same, whether the plaintiff in *80 equity was indebted to the full amount of the judgment or not> II he unjustly delays his creditor as to any part of his demand, he ought to give security; since it is but fair, that the aid of equity should only be afforded to Up0n rá,e condition that he shall make his adversary safe to the extent of his just demands. Such appears to me to be the plain policy of the law; such too, the fair construction of its language; and such, I beliéve, has been the universal interpretation placed upon its provisions.
The bond in this case, however, is not in terms, upon condition to pay the amount due or to become due to the plaintiff, but it binds the obligors to pay the amount of the judgment: and it was argued, that by these terms, if the injunction is to be considered as dissolved, the plaintiff must recover the whole, if he recovers at all. Be it so. The injunction is certainly dissolved; the order originally made no longer stands, and if we must stick to the letter, the plaintiff is entitled to judgment for the whole amount. But I am of opinion, we are not to stick to the letter in these statutory bonds, taken by officers of the courts, without the supervision of any tribunal, and in the absence of the obligee. The court of chancery awarded the injunction, upon the terms of bond with security being given according to law; that is, as we have just seen, making the security responsible for whatever might eventually be found due. It is fair to presume, that such was the design of the parties, however clumsily it may have been expressed by the officer who prepared the bond. The bond says, indeed, that the obligors shall pay the amount of the judgment, and all such costs as shall be awarded by the court of chancery. We cannot believe the obligors designed to bind themselves to the payment of the whole judgment, if the court should perpetuate the injunction as to part. We must understand it as meaning, that they should be bound to the payment of such part of the judgment as should be awarded to be paid by the court of chancery. *81 It is doing no force to the expression to consider the ° _ ,, words “ as shall be awarded by the court oí chancery as applying to the judgment as well as the costs ; since the plaintiff having submitted the justice of that judgment to the decision of the court of chancery, very na,turally designed only to bind himself to pay the amount of the judgment, or such part of it, as according to the award of that court might be found to be due. Upon the whole, I am of opinion, that the plaintiffs’ action is sustainable.
As to the second objection, I am of opinion, that it is urged with an ill grace by the party who was first guilty in his plea, of the very fault he complains of in the replication. Indeed, it is possible, that in this respect as well as in others, his plea was defective, though the replication be not liable to a like objection. For the distinction is, that where the gist of the action or defence is a matter of record, it must be pleaded with a verification by the record; and as, here, the existence of the case in the court of appeals is the gist of the defence, perhaps the record should have been pleaded by him. On this point, however, I give no opinion; feeling assured, that the replication is not defective in this regard. For it is also a rule, that where the record is not the gist of the plaintiff’s demand, but merely collateral, it is not necessary that he should plead it. He may give it in evidence. 1 Wms. Saund. 38. n. 3. 2 Id. 3M. n. 2. 2 Bac. Abr. Evidence. F. p. 612. JNow here, the injunction bond is the foundation of the action, and the fact of dissolution is a collateral matter, which indeed is to be established by a record, but is to be tried by the jury upon the production of the proper record evidence before them. There is, however, a decisive objection to the defendant’s plea in another respect. The declaration sets forth a dissolution of the injunction by an order of the chancellor, affirmed by the court of appeals. The plea in question, instead of *82 negativing the fact of dissolution, merely alleges that << the case is stili pending on a bill of review which it may be, as an original bill, though the order of dissolution may stand unassailed and unreversed. As to the third objection: this court has more than once decided, that if the verdict for the plaintiff answers to all the issues, it shall not be set aside, merely because, by the record, the jury appear to have been sworn to try the issue, when in fact there were several issues made up in the cause. In my opinion, in such a case, the record ought always to have been interpreted to mean, that the jury were sworn to try all the matter in controversy constituting the issues in fact in the cause.
Then as to the last objection. On a mere question of fact as to the dissolution of an injunction, or the pendency of an appeal, I think it would be an abuse to require a complete copy of a voluminous record to be produced. All that is necessary is to produce so much of the record as satisfactorily establishes the fact in question. This has been done here. The copy of the orders of the court of chancery shews the dissolution of the injunction, the application for the bill of review, and the refusal of that application ; which last order is that which was affirmed by the court of appeals, as is manifest from comparing the dates. This was all that could be necessary on these issues. 1 Stark. Law Ev. part 2. p. 246. Jones v. Randall, Cowp. 17. For, where the fact to be shewn is merely that a decree has been made in the court of chancery, or that a decree made there has been reversed on appeal, proof of the other proceedings will not be necessary, but the adversary party will be at liberty to shew any other matter in the record, which may avoid the effect of that which is introduced. Bull. N. P. 235.
Judgment affirmed.